(USAO GAN 6/10) Search and Seizure Warrant (Page 2)

# RETURN

| Case No: 4:21-MC-30-WEJ | Date and time warrant executed: 6/29/2021 6:30 AM | Copy of warrant and inventory left with: Alexis Ballard |
|---|---|---|

Inventory made in the presence of Alexis Ballard

A list of property/information/data/person(s) seized:

See Attached

**FILED IN CHAMBERS**
**U.S.D.C. ROME**

Date: Jun 29 2021
JAMES N. HATTEN, Clerk

By: s/Kari Butler
Deputy Clerk

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

6/29/2021
Date

_Wes Mayes_
Executing officer's signature

SA Wes Mayes FBI
Printed name and title

(USAO GAN 6/10) Search Warrant

# United States District Court
### NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

85 Whitley Court, Dallas, GA 30157, a single-family residence with light colored siding and a stone lower trim.

**SEARCH WARRANT**
Case number: 4:21-MC-30-WEJ
**UNDER SEAL**

TO: Special Agent Wesley L. Mayes, and any Authorized Officer of the United States

An affidavit having been made before me by Wesley L. Mayes who has reason to believe that on the property described as:

85 Whitley Court, Dallas, GA 30157, single-family residence with light colored siding and a stone lower trim, also see ATTACHMENT A,

in the Northern District of Georgia there is now concealed certain property, certain information, and certain data, more fully described in ATTACHMENT B,

which constitutes evidence of a crime, contraband, fruits of crime, or items illegally possessed, and property designed for use, intended for use, or used in committing a crime, concerning violations of Title 21, United States Code, Section(s) 841 and 846; and Title 18, United States Code, Section 924(c). I find that the affidavit establishes probable cause to search for and seize the certain property, certain information, and certain data from the property described above.

YOU ARE HEREBY COMMANDED to execute this warrant on or before __July 9, 2021__ (not to exceed 14 days) AT ANY TIME IN THE DAY OR NIGHT AS I FIND GOOD CAUSE HAS BEEN ESTABLISHED. You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a copy of the warrant and receipt at the place where the property was taken. The officer executing the warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Walter E. Johnson.

June 25, 2021 at 11:15 a.m.
Date and Time Issued

at  Rome, Georgia
City and State

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Katherine M. Hoffer
Katherine.Hoffer@usdoj.gov

*[signature: Walter E. Johnson]*
Signature of Judicial Officer
Issued pursuant to Fed. R. Crim. P. 4.1

FD-597 (Rev 8-11-94) Page ___ of ___ 1

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 245D-ME-3318606

On (date) 06/29/2021

item(s) listed below were:
- [ ] Received From
- [ ] Returned To
- [ ] Released To
- [x] Seized

(Name) Alexis Ballard
(Street Address) 85 Whitley Ct.
(City) Dallas, GA

Description of Item(s):
1. 1 Box Echo Brand Ammo, 10mm
2. 1 Taurus 4/10 # ABH780999, Model 4/510, Judge Pistol w/ Paperwork
3. 2 4/10 caliber shot shells
4. 1 Apple Laptop, silver, SN# C02TTHZBHV29
5. 1 iPhone 12 Max Pro white gold color
6. 1 Black/Gold colored Gucci Belt
7. 2 small envelops w/ Gucci receipts (receipts only)
8. Green shoebox w/ Gucci shoes containing denim colored Gucci slides
9. 1 pair white/red Alexander McQueen tennis style shoes w/ Box
10. 1 pair black/red/yellow Versache shoes w/ Box
11. 1 pair grey Versache shoes w/ Box
12. 1 pair off white c/o Virgil Abloh shoes w/ Box
13. Dodge "Hellcat" Challenger, VIN 2C3CDZC98KH741256, TN TAG 9444P0
14. Lincoln MKX, white, VIN 2LMTJ8LP9GBL90347, TN TAG 645152

END

[Signature]

Received By: _____ (Signature)    Received From: _____ (Signature)

# ATTACHMENT A

The description of the premises to be searched:

## "TARGET PREMISES"

**85 Whitley Ct, Dallas, Georgia 30157** (to include all storage places, safes, garages, sheds, outbuildings, all vehicles parked at and/or registered to the aforementioned address at the time of the execution of the warrant, which may be found within the curtilage of said premises). The TARGET PREMISES is described is described as a single-family residence with light colored siding and a stone lower trim.

The TARGET PREMISES is pictured below.



INCORPORATED BY REFERENCE

# ATTACHMENT B

## PROPERTY TO BE SEIZED

Items believed to be in the TARGET PREMISES, located at *85 Whitley Ct, Dallas, Georgia 30157*, include, but not limited to the following:

1. Drug records, in particular drug ledgers, records and/or notes of drug sales and transactions, account books, names and codes and/or aliases of drug suppliers and purchasers, and/or identifying information reflecting customers and sellers and amount(s) of drugs brought and sold, amounts of money paid, owed, due and/or otherwise outstanding.

2. U.S. currency, financial instruments, precious metals, jewelry, safes, and other items of value and/or the proceeds of drug transactions.

3. Any and all appointment calendars.

4. Any and all drugs and firearms customer listings, dealer listings and/or notes containing the names of individuals, telephone numbers and/or addresses of these customers and dealers, and any such telephone or address book(s) containing names and contact information for any co-conspirator or other such records or photographs which indicate criminal association between co-conspirators.

5. Vehicles registered to the occupants of the place to be searched, under the care, custody and/or control or on the property on which the place to be searched is situated, which may contain drugs, firearms and/or cash exchanged or intended to be exchanged for such drugs and/or firearms.

6. Indicia of ownership or control of the premises, including, but not limited to, utility bills, canceled checks, envelopes, deeds and/or leases.

7. Indicia of ownership or control over any vehicles located on the premises, including, but not limited to, titles, registrations, gas receipts, repair bills and/or keys belonging to such vehicle(s).

8. Any and all paging, texting and/or cellular telephone, digital or otherwise, and bills or receipts relating to the use, lease and/or rental of such paging, texting and/or cellular device(s).

9. Devices, records and information relating to communications with Internet Protocol addresses 24.98.158.223 and 2601:cc:4300:1f60:44:39d0:47f5:f554

10. All bank statements, loan applications, money drafts, letters of credit, money orders, cashier checks, bank checks, safety deposit box keys, vault key, and/or documents relating to banking activities and other financial transactions, including, but not limited to, the purchase of real estate and documents showing ownership or real estate.

11. Any and all safes (both portable and affixed) and/or personal security lock boxes or containers of the size that may contain controlled substances, firearms, and/or currency.

12. Any and all photographs, both digital and hard copy, showing any other co-conspirator and/or assets and drugs.

13. Any and all controlled substances, including, but not limited to marijuana, and/or any other illicit contraband or narcotics paraphernalia to include, but not limited to, packing materials, vials, syringes, scales, presses and/or cutting agents.

14. Any and all shipping labels, containers/boxes, and receipts pertaining to packages being sent and/or received.

15. Any and all firearms, ammunition, accessories, and/or carrying cases associated with any firearms or ammunition.

16. Routers, modems, and network equipment used to connect computers to the Internet.

For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

   f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   h. evidence of the times the COMPUTER was used;

    i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k. records of or information about Internet Protocol addresses used by the COMPUTER;

    l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.